[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE #112
The defendant, Nationwide Insurance Company (hereinafter "Nationwide"), brings this motion to strike the third, fifth and sixth counts of the amended complaint dated October 20, 1999. The plaintiffs make this claim against their uninsured carrier for damages from personal injuries resulting from an automobile accident. On the date this matter was heard at short calender, December 6, 1999, the plaintiff agreed that counts five and six could be stricken. The third count alleges that Nationwide, its agents servants and employees were negligent in not advising and recommending additional uninsured coverage. Nationwide argues that there was no legal obligation placed upon it as claimed under this count, and therefore, seeks to dismiss it.
In considering this motion, the court must construe the allegations in favor of the plaintiff to determine whether a legally sufficient cause of action has been pled. Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). Count three alleges that Nationwide failed to advise the plaintiff that they could purchase more coverage. The question presented is whether our law places that burden on this defendant.
Although the plaintiff has not alleged in Count Three that there was a statutory duty imposed upon Nationwide as claimed, he does argue in his memorandum in opposition to this motion dated December 3, 1999, that General Statutes § 38a-336 imposes this duty upon the defendant. General Statutes § 38a-336 (a)(2) CT Page 16679 requires that a carrier must provide underinsurance coverage with limits equal to the liability limits unless the insured requests lesser limits. If the insured elects lesser uninsured coverage than the statute provides, the carrier is then obligated to obtain a written consent form containing "(A) an explanation of uninsured and underinsured motorist insurance approved by the commissioner; (B) a list of uninsured and underinsured motorist coverage options available from the insurer; and (C) the premium cost for each of the coverage options available from the insurer." General Statutes § 38a-336 (a)(2). This obligation is imposed only if the insured requests lesser uninsured limits than his liability limits. In the instant case, the limits of the uninsured provision of plaintiff's policy was the same as his liability limits, and there was obviously no request that the plaintiff requested lesser amounts. The court agrees with Nationwide that the obligation to advise, as above stated, exists only if the insured requests lesser uninsured coverage. This request was not made in this case since the plaintiff was not seeking less coverage. There is no duty imposed under this statute to advise insureds about additional coverage that may be available to them.
In addition, the defendant points to Harlach v. MetropolitanProperty Liability Ins. Co., 221 Conn. 185, 602 A.2d 1007
(1992), which supports its claim that the law imposes no duty upon an insurer to affirmatively advise insurers about additional coverage. In dealing with General Statutes § 38-175c, the predecessor to § 38a-336, which required that an insured must request in writing lower uninsured limits, as does the current statute, the Supreme Court found that the carrier had no duty to explain the consequences of the lower election. Id. The court said: "As offeror [the carrier] had no contractual duty voluntarily to explain the terms of its offer or the advantages and disadvantages to procuring uninsured motorist coverage." Id., 190. If a carrier has no obligation to advise an insured who is electing lower limits it certainly has no obligation to advise an insured when it provides the same limits for uninsured coverage as it does for liability coverage. There is no duty to advise the plaintiff as claimed in the Third Count of the amended complaint, and therefore, it should be stricken.
The court will strike Counts 5 and 6 without objection, and will strike Count 3 for the reasons stated above.
PELLEGRINO, (J) CT Page 16680